IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-19-81-C |
| | ) | |
| SHAWN MICHAEL THIBEAULT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant's Motion to Suppress, as well as the Government's Response and Defendant's Reply thereto. (See Dkt. Nos. 25, 33, 36.)

I. Introduction

The Court held an evidentiary hearing on October 29, 2019, which established the following facts:

On February 8, 2019, Oklahoma Bureau of Narcotics ("OBN") Agent Nathan Hartsburg pulled over Defendant for speeding on I-40 in Canadian County, Oklahoma. When he did so, he ran Defendant's license for any outstanding warrants. That check revealed that Defendant had an active warrant for arrest in Montana. But, at that time, Agent Hartsburg understood this to be a non-extradition warrant, so he gave Defendant a warning and let him continue driving.

Shortly thereafter, OBN dispatch alerted Agent Hartsburg that Defendant's warrant was actually an extradition warrant. He therefore immediately returned to the road to pull over Defendant again—this time to arrest him in connection with the warrant. Once Agent

Hartsburg pulled Defendant over, he placed him under arrest. Because Defendant was driving alone, though, Agent Hartsburg, at the direction of Agent English (Hartsburg's superior) arranged to have Defendant's vehicle towed away from the side of the highway.

In connection with the eventual impoundment of Defendant's vehicle, Agent Hartsburg—now joined by Agents English and Wall—performed an inventory search of the vehicle. During this time, Defendant expressed his concern about the valuable art he had in the car. The agents thereafter continued performing the inventory search, which eventually turned up, among other things, a suitcase in the trunk packed with cocaine.

Defendant now stands charged by a one-count indictment of Possession of Cocaine with the Intent to Distribute. His trial is currently set to begin in November. He now moves the Court to suppress the suitcase full of cocaine from being presented as evidence against him. In his view, OBN violated his Fourth Amendment rights in obtaining the evidence and the Government should therefore be prohibited from using it. The Government denies these charges.

II. Standard

An inventory search is "a well-defined exception to the warrant requirement." Illinois v. Lafayette, 462 U.S. 640, 643 (1983). It "serve[s] to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." Colorado v. Bertine, 479 U.S. 367, 372 (1987). An inventory search is "reasonable only if conducted according to standardized procedures," and it "must not be a ruse for a general rummaging in order to discover

incriminating evidence." United States v. Haro-Salcedo, 107 F.3d 769, 772-73 (10th Cir. 1997).

III. Analysis

  a. Impoundment Decision

Defendant first challenges the legality of the agents' decision to impound his car. In his view, the agents improperly made this decision, particularly given the lack of a standardized policy surrounding these decisions. He further contends that the car was not a public safety hazard on the side of the highway, so the officers could not justify the impoundment under the "community-caretaking exception." The Court disagrees.

OBN only permits its agents to impound vehicles "when they have been discovered upon any road or highway when the vehicle is discovered to have been stolen or taken without consent of the owner, is disabled and is or could be a potential hazard to the public, or the vehicle is an obstruction to the flow of traffic." (Dkt. No. 25-3, p. 2.) Moreover, "[a]gents are authorized to remove, or cause vehicles to be removed when the operator of the vehicle has been physically arrested and the vehicle would be left unattended in a public access area or public way." Id. The Court finds that OBN's impoundment policies do not lack the appropriate standards, and the agents were justified in concluding that the car needed to be impounded as a potential safety hazard if left on the side of the highway.

  b. Inventory Search

Defendant next challenges the lack of standardized procedures surrounding OBN's inventory search of his vehicle, as well as the manner in which the agents carried out that search. The case on which Defendant mainly relies—Florida v. Wells, 495 U.S. 1, 4

(1990)—holds that standardized criteria or established routine "must regulate the opening of containers found during inventory searches [and] is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory."

At the hearing, Agent Hartsburg testified that the agents are guided by the established procedure of only looking for and taking note of items of value while engaged in an inventory search. Additionally, all unlocked containers must be opened. A thorough inventory, he explained, protects not only Defendant's valuables, but also OBN, should something happen to the car while it is impounded and therefore outside police custody. At bottom, The Court finds that these established procedures are constitutionally sufficient under <u>Wells</u>. And, particularly given that Defendant told the agents that he had valuable items in the car, there was nothing improper about them performing a thorough inventory search.

      c. Inevitable Discovery Doctrine

The Court further finds that even if there were some issue with the underlying inventory search, the evidence would have been uncovered anyway. The inevitable discovery doctrine establishes that when "the evidence in question would inevitably have been discovered without reference to the police error or misconduct, there is no nexus sufficient to provide a taint and the evidence is admissible." <u>Nix v. Williams</u>, 467 U.S. 431, 448 (1984). Here, OBN clearly had the authority to impound Defendant's car. So

regardless of how the agents performed the inventory search, they would have eventually discovered the evidence. In short, Defendant's Motion to Suppress will be denied.

## CONCLUSION

For these reasons, Defendant's Motion to Suppress (Dkt. No. 25) is DENIED.

IT IS SO ORDERED this 30th day of October, 2019.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge